JUNE TERM
1840.

Craig
vs.
Maupin.

CRAIG Appellant vs. MAUPIN Appellee.

It has been a rule of proceeding, in the Sup. Court, to suffer verdicts, whether found by the circuit court, or by a jury acting under the direction of that court, to stand, unless it were quite obvious that injustice had been done.

Appeal from Marion circuit court.

*C. H. Allen for Appellant.*

1. Tresspass will not lie where there is an authority given to enter on the lands of the plaintiff, and to cut and carry off timber until the defendant is satisfied. See 13th Johnsons' reports 414, 1 p.

2. The permission given by plff. was general and unrestricted, and pl'ff. cannot recover in any form of action, much less trespass.

*S. T. Glover for Appellee.*

1. The court committed no error in refusing to instruct the jury to find as in case of a non suit.

2. The verdict was in accordance with the evidence in the cause.

*Opinion of the Court delivered by Tompkins Judge.*

Maupin brought his action against Craig before a justice of the peace. The justice gave judgment against Maupin, and he appealed to the circuit court; that court gave judgment for Maupin and Craig appeals from the judgment of the circuit court to this court. The plaintiff filed his account against the defendant for nineteen timber trees, estimated at thirty dollars. The defendant claimed as an offsett eleven dollars and 25 cents; for work and labor done, and five timber trees; the plaintiff Maupin, appellee here, produced a witness, who proved that some time in the year 1837, this witness himself informed the plaintiff, that the defendant requested the witness to tell the plaintiff, that he wished a settlement with him, and that the plaintiff replied, that he had no settlement to make with the defendant; that he owed the defendant five or six timber trees, and that he told the witness to tell the defendant to cut timber until he was satisfied; and that after being so told, the defendant cut and carried away nineteen trees. The witness stated that three trees were worth one dollar and fifty cents each. The

defendant then proved work and labor done for the plaintiff which he estimates, as above stated, at eleven dollars and 25 cents. The plaintiff gave some evidence to prove that the work and labor done for him were not worth as much as defendant charged for it; nothing that was entitled to the appellation of instructions was asked of the court. The first jury, before the justice of the peace, gave the defendant one cent damages. The circuit court in the second instance, acting as a jury, gave the plaintiff one cent damages. So far as I can judge from the evidence, neither acted amiss; if either did so at all. It, however, rather seems to me that the latter judgment ought to stand, and therefore that the appellants motion for a new trial ought not to prevail. Charity, at all events, requires at the hands of this court, that the parties ought not to be suffered longer to injure themselves and each other by such useless litigation. It has long been a rule of proceeding in this court, to suffer verdicts, whether found by the circuit court, or by a jury acting under the direction of that court to stand, unless it were quite obvious that injustice had been done. The judgment of the circuit court will then be affirmed.

*JUNE TERM 1840*

Craig vs. Maupin.

It has been a rule of proceeding, in the Sup. Court, to suffer verdicts, whether found by the circuit court, or by a jury acting under the direction of that court, to stand, unless it were quite obvious that injustice had been done.